Mabbett agt. Kelly.

HENRY F. MABBETT and WM. MULLIGAN agt. WM. A. KELLY
and JOHN C. KELLY.

Where a judgment is entered for the penalty in a *bail bond* suit, the damages
should be assessed in the *original action.* (2 *R. S.* 358, §§ 12—14.)

If the damages are assessed in the bail bond suit, it is a void proceeding, of which
the defendant in the bail bond suit is not affected, unless *execution is issued* for
the damages assessed.

Taxing costs without notice is a ground for asking a re-taxation; but not for set-
ting aside the judgment.

*February Term,* 1846.

MOTION by defendant WM. A. Kelly, to set aside the writ
of inquiry, judgment record and other subsequent proceedings
in this cause, for irregularity.

This suit was commenced upon a bail bond executed by the
defendants to H. Wetherby, Esq., sheriff of Onondaga, in the
penalty of $1,000, conditioned that John C. Kelly should ap-
pear in an action of trover commenced by the plaintiffs against
John C. Kelly, by capias issued out of the court of common
pleas of Onondaga, by putting in special bail in twenty days
after the return day of the writ, &c. The defendants appeared
in this action and demurred to the declaration, and judgment
was rendered in favor of the plaintiffs on the demurrer as friv-
olous, at the last October term of this court. On the 7th of
November last, a writ of inquiry of plaintiffs' damages was
executed on notice to defendants' attorneys *in this suit.* On
the 24th of November writ of inquiry was filed, and on the
29th of November judgment was perfected. The papers for
the motion stated that *no declaration had been filed in the origin-
al action,* that the writ of inquiry was in the suit on the *bail
bond;* also that *no notice of taxation of costs was served.* One
of defendants' attorneys stated that he appeared on the execu-
tion of the writ of inquiry solely, for the purpose of objecting
to the regularity of the proceedings; that he objected to plain-
tiffs' proceedings as irregular; that he did not appear for the
purpose of cross-examining plaintiffs' witnesses, although he
asked some questions of one of the witnesses. Plaintiffs' pa-

[*63] pers stated that one of defendants' attorneys did appear and cross-examine a witness. *Defendant moved on the ground that the writ of inquiry should have been issued in the original action in the Onondaga common pleas; also on the ground that damages could not be assessed, until a declaration had been filed in the original action in the common pleas, and on the ground that no notice of taxation of costs had ever been given in the cause.

Plaintiff claimed that the judgment, entered for the penalty on the demurrer as frivolous, was regular; plaintiff had a right to enter up that judgment when it was rendered, before any damages were assessed; that the writ of inquiry should have been executed in the original action, but it was a mere *irregularity*, which it was insisted defendant had waived by appearing and cross-examining a witness. If the writ of inquiry was a *nullity*, then there was no necessity to move to set it aside, until an *execution* had been issued for the damages found by it. But no execution had been issued. The plaintiff might yet file his declaration and assess damages in the *original action.* As to the notice of taxation of costs, it was insisted it was not a ground for disturbing the judgment, but only for a motion for *re-taxation*, which the defendants did not ask.

MR. COMSTOCK, *defendants' counsel.*

NOXON & CO., *defendants' attorneys.*

A. TABER, *plaintiffs' counsel.*

FORBES & SHELDON, *plaintiffs' attorneys.*

BRONSON, Chief Justice. Judgment has been properly entered on the bail bond for the penalty. But the plaintiffs have made a mistake in executing a writ of inquiry of damages in the bail bond action. (2 *R. S.* 358, §§ 12, 14.) But this void proceeding has not injured the defendants. The plaintiffs have not acted upon it; no execution has been issued on the judgment. Before that is done the plaintiffs will probably assess damages in the original action. If they do not, it will be time enough then to move. At present, there

is no irregularity which has injured or can affect the defendants.

Taxing costs without notice is a ground for asking a re-taxation; but not for setting aside the judgment. Motion denied with costs.